**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 2 2020

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KHALIAH COLEMAN

                                                                PLAINTIFF

VS.                                        CASE NO. 4:20-CV-557-KGB

ARKANSAS MUNICIPAL LEAGUE                              DEFENDANT

COMPLAINT            This case assigned to District Judge ___Baker___
                     and to Magistrate Judge ___Ray___

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658, in order to recover damages against the defendant for the unlawful discriminatory employment practices that the plaintiff, Khaliah Coleman, has been subjected to, all on account of her race (African-American) and in retaliation for having complained about discriminatory treatment. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

I.
### Jurisdiction

1.      Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C. §§ 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended), and 42 U.S.C. § 1981.

2.      The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in Pulaski County, Arkansas.

1

II.

Parties

3.     The plaintiff is an African American female, and is a resident of the United States of America.

4.     The defendant Arkansas Municipal League (hereinafter referred to as "League") was created in 1934, and is a voluntary non-partisan organization. The principal address for Arkansas Municipal League is 301 W. 2nd Street, North Little Rock, Arkansas 72114.

5.     The Arkansas Municipal League operates as a representative organization of municipalities and towns throughout the State of Arkansas, with approximately 499 cities and towns belonging to the organization.  "The central purpose of the Arkansas Municipal League is to advance the interest and welfare of the people residing in the cities and towns in Arkansas." The cities and towns that belong to the Arkansas Municipal League pay annual service charges to the League, which is a source of its operating funds.

6.     The defendant Arkansas Municipal League, is an employer within the meaning of 42 U.S.C. § 2000e (b), (g), and (h).

III.

Facts

7.     The plaintiff Khaliah Coleman was hired by the Arkansas Municipal League as a receptionist on or about February 20, 2013.

8.     At the time that the plaintiff was hired into the receptionist position, a Caucasian female by the name of Sabra Bland worked as the "third chair receptionist."

9.     Shortly after the plaintiff was hired as the receptionist, Ms. Bland was promoted into the Worker's Compensation Department, working as an adjuster.

10.     Although Ms. Bland was promoted into the Worker's Compensation Department working as an adjuster, she did not have her license to perform such duties.

11.     The League gave Ms. Bland ninety (90) days to obtain her license, which she failed to do so.

12.     Despite not having obtained her license within the requisite ninety (90) days, the defendant allowed Ms. Bland to work in the Worker's Compensation Department as an adjuster.

13.     When the plaintiff was initially hired by the defendant, she was advised that she would be working in the Worker's Compensation Department as an administrative assistant, and that her salary would be $35,000.00.

14.     However, the plaintiff wash hired into the receptionist position, making $28,000.00 per year.

15.     During the years that the plaintiff worked in her position as receptionist, she received outstanding performance evaluations.

16.     The plaintiff was never written up for any type of disciplinary reasons or job performance issues while working in her position as receptionist.

17.     Tracey Cline-Pew, who is a Caucasian female, serves as the Director of Human Resources for the Arkansas Municipal League.

18.     During the fall of 2019, Sabra Bland was terminated from her position as the Medical Only (MO) Claims Examiner in the Worker's Compensation Department.

19.     The defendant promoted an African-American female by the name of Demie Miller into this Medical Only (MO) Claims Examiner position[1], which left a vacancy at the Administrative Assistant position in Worker's Compensation.

---

[1] The plaintiff applied for this position as well.

3

20.     The plaintiff then applied for the vacant Administrative Assistant position, but the
defendant hired Andrea Green, who is an African-American female, and was an outside candidate,
not having previously worked for the League.

21.     In late December 2019 the plaintiff was finally given a position into the Worker's
Compensation department, but was told that this was a lateral move, and that she would not be
given an increase in salary.

22.     When the plaintiff saw a couple of white females being hired into the Worker's
Compensation Department without the positions being posted, she questioned Ms. Kline-Pew as
to why she was not given the opportunity to apply for these positions.

23.     Melissa Warden, a Caucasian female was hired by the League in about 2017 as a
claim's assistant in the Worker's Compensation department.  The position was not posted.

24.     There was another Caucasian female by the name of Kim Chaudion who was also
hired into Worker's Compensation in 2017, into the claim's assistant position.

25.     The plaintiff complained to her then supervisor Shelia Boyd as to why these
positions were not being posted internally, and this is the reason why several African-Americans
leave.  Ms. Boyd stated that she understood my concerns, and that she would speak with Ms. Kline-
Pew about my concerns.

26.     In February 2019, during the plaintiff's annual review, wherein she received high
marks, Ms. Boyd stated that she was aware that the plaintiff wanted to advance and move into
Worker's Compensation, and that Ms. Kline-Pew knows.

27.     About a week after the plaintiff's annual review, she met with Executive Director
Mark Hayes, who had obviously requested that Ms. Kline-Pew be present as well.

4

28.     During this meeting the plaintiff expressed her concerns about not being given the opportunity to move into Worker's Compensation, and the fact that she had been relegated to the receptionist position at the lower salary than what she had been promised.

29.     Ms. Kline-Pew then chimed in and said "well you chose it!"

30.     Again, the plaintiff was told that she was being transferred into a claim's assistant position in Worker's Compensation in late December 2019.

31.     When the plaintiff went into the Worker's Compensation Department, under the supervision of Katy Busby, a Caucasian female, it was apparent that the plaintiff was not welcomed there, and that she was being set up to fail.

32.     On or about January 16, 2020, the plaintiff was given a written warning, and was advised that her performance will be monitored on a weekly basis for the next thirty (30) days.

33.     On January 17, 2020, the plaintiff met with John L. Wilkerson, General Counsel for the Arkansas Municipal League to discuss her concerns about racial discrimination within the work place that she has endured.

34.     Mr. Wilkerson asked the plaintiff to put her concerns in writing, and to provide whatever documentation that she had to support her contentions.

35.     On January 24, 2020, the plaintiff presented Mr. Wilkerson an email with her concerns about disparate treatment due to her race in the work place, as well as her concerns about how other African-Americans have been treated while working for the defendant.

36.     On January 31, 2020, the plaintiff was terminated by Executive Director of the Arkansas Municipal League Mark Hayes.

37.     In the termination letter, Mr. Hayes stated as one of the bases for termination was the plaintiff's perception of not being a "team player."

IV.
Disparate Treatment

38.     The plaintiff re-alleges and incorporates by reference each and every allegation

contained in paragraphs 1 through 37, supra., inclusive as though set forth herein word for word.

39.     During the part of the plaintiff's tenure with the defendant, she has been subjected

to varied terms and conditions of her employment with the defendant based on her race, in violation

of 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28

U.S.C.S. § 1658) and Title VII of the Civil Rights Act of 1964 (as amended).

40.     For instance, white females have been hired into the Worker's Compensation

Department, without posting the positions, denying the plaintiff the opportunity to advance into

those positions.

41.     Furthermore, after the plaintiff was finally able to go into the Worker's

Compensation Department, it was done so without a raise, and it was considered just a later

transfer, while whites have not been subjected to such treatment.

42.     Furthermore, after the plaintiff was moved into the Worker's Compensation

Department, she was placed under scrutiny, and her work activities were monitored, on account of

her race, and having complained about discriminatory treatment.

43.     Similarly situated white employees were not treated in such a manner.

44.     The above-mentioned acts of discrimination were done to the plaintiff on account

of her race, in violation of 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which

is codified at 28 U.S.C.S. § 1658) and Title VII of the Civil Rights Act of 1964 (as amended).

45.     The plaintiff was ultimately terminated from her place of employment with the

defendant on account of her race in violation of 42 U.S.C.S. § 1981 (as amended by the Civil

Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658) and Title VII of the Civil Rights Act of 1964 (as amended).

V.
Retaliation

46.     The plaintiff incorporates by reference the allegations contained in paragraphs 1-45 of the plaintiff's complaint, and adopts each as if set out herein word for word.

47.     Once the plaintiff voiced her concerns about African-American employees not being given the opportunity to be hired into the Worker's Compensation Department, after the defendant hired the above-mentioned Caucasian females in 2017, the plaintiff was labeled a "trouble maker," and as not being a "team player."

48.     As a matter of fact, when Katy Busby and Katie Bodenhamer expressed interest in hiring the plaintiff into their departments sometime in 2019, because they wanted someone with her skill set, they were told by Ms. Kline-Pew that "oh, you don't want her in your department!"

49.     As a mater of fact, the plaintiff had done some work for Ms. Busby in or about September 2019, and Ms. Busby was impressed with the plaintiff's performance.

50.     After having complained about discriminatory treatment, the plaintiff was passed over for several promotions, that went both to Caucasians and eventually to African-American employees, who had not worked for the defendant.

51.     When the plaintiff was finally allowed to transition into the Worker's Compensation Department, she was furthered retaliated against by not receiving a pay increase, and by having her work activities heavily monitored and unfairly scrutinized.

52.     Also, when the plaintiff expressed her concerns about discrimination against her and other African-American employees to John Wilkerson on January 24, 2020, she was terminated from her place of employment by Mark Hayes, the Executive Director.

7

53.     The plaintiff was retaliated against in violation of 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658), when she was terminated from her place of employment with the defendant on January 31, 2020.

VI.
Procedural Requirement

54.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 53, supra., inclusive as though set forth herein word for word.

55.     On February 10, 2020, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against in terms and conditions of his employment with the defendant, due to her race. (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "A"**).

56.     In response to the Plaintiff's Charge of Discrimination that he filed with the EEOC, said agency issued him a "Dismissal and Notice of Rights" letter dated February 19, 2020, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter.  (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B"**).

57.     This cause of action is being brought within ninety (90) days of the plaintiff receiving his right-to-sue letter as referenced in paragraph 78 of this complaint.

58.     Due to the above-mentioned acts of discrimination and retaliation, the plaintiff has suffered mental anguish, embarrassment, lost wages, all in a manner to be proven at trial.

59.     Furthermore, the defendant's acts of discriminating against the plaintiff due to her race and further retaliating against her due to complaining about discrimination, were done with recklessly indifference towards the plaintiff's federally protected rights, making an aware of punitive damages warranted.

8

## JURY DEMAND

60.     The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above described unlawful employment practices:

a.     declare that the plaintiff has been subjected to unlawful discriminatory practices;

b.     reinstatement and back pay;

c.     compensatory and punitive damages;

d.     the cost of prosecuting this action;

e.     attorney's fees;

f.     and for all other just, equitable, and legal relief.

Respectfully submitted,

PORTER LAW FIRM
The Catlett-Prien Tower Building
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

By: _____
Austin Porter Jr., No. 86145

Dated this 22nd day of May 2020.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 493-2020-00763 |
| | | and EEOC |

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Khaliah Coleman | | 1981 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 24 Bracey Circle, Little Rock, AR 72204 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ARKANSAS MUNICIPAL LEAGUE | 15 - 100 | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 301 W 2nd St, North Little Rock, AR 72114 | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-31-2020   Latest: 01-31-2020

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in the position of Receptionist by the above-named employer on or about February 20, 2013. During my employment, I was subjected to a difference in treatment in the terms and conditions of my employment. This included, but not limited to harassment, intimidation, and micro-managing my work. I was discharged on or about January 31, 2020.

The reason given for her discharge was tardiness, disruptive behavior, negative attitude, and poor job performance.

I believe I was harassed, intimidated, and discharged because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED

FEB 1 0 2020

U.S. EEOC
Little Rock Area Office
Little Rock, AR

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Feb 10, 2020 _Date_    _Khaliah A. Col_ _Charging Party Signature_ | SUBSCRIBED AND SWORN TO BEFORE ME (month, day, year) |

PLAINTIFF'S EXHIBIT
A
tabbies

EEOC Form 161 (11/16)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Khaliah Coleman                                    From:  Little Rock Area Office
     24 Bracey Circle                                          820 Louisiana
     Little Rock, AR 72204                                     Suite 200
                                                               Little Rock, AR 72201

|       | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |       |
|-------|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-00763 | Tyrone Y. Blanks, Investigator | (501) 324-5083 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

FEB 1 9 2020

Enclosures(s)                          **William A. Cash, Jr.,**          *(Date Mailed)*
                                        **Area Office Director**

cc:  **Tracey Pew**
     **Municipal Health Benefit Fund Director, SPHR-SCP**
     **ARKANSAS MUNICIPAL LEAGUE**
     **301 W 2nd St**
     **North Little Rock, AR 72114**

PLAINTIFF'S
EXHIBIT
B